**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO AMERICAN FLOOR SYSTEMS, INC. | : | No. 2:24-mc-00070 |
| --------------------------------------------------- | : | |
| <u>UNDERLYING CASES:</u> | : | No. 1:22-cv-00268 |
| UNITED STATES GYPSUM COMPANY, a Delaware corporation, Plaintiff, vs. | : | United States District Court for the Northern District of Illinois<br>Honorable Jeffrey Cummings |
| DEPENDABLE, LLC, an Ohio limited liability company, Defendant. | : | Magistrate Judge M. David Weisman |
| --------------------------------------------------- | : | |
| DEPENDABLE, LLC, Counter-Plaintiff, vs. UNITED STATES GYPSUM COMPANY, Counter-Defendant. | : | |

**UNITED STATES GYPSUM COMPANY'S**
**MOTION TO COMPEL COMPLIANCE WITH THE**
**<u>THIRD-PARTY SUBPOENA DIRECTED TO AMERICAN FLOOR SYSTEMS, INC.</u>**

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff/Counter-Defendant, United States Gypsum Company ("USG"), by its counsel, respectfully requests this Honorable Court to enter an Order compelling Third-Party Subpoena Recipient, American Floor Systems, Inc. ("AFS"); to respond to USG's valid subpoena for documents and produce the materials sought therein and in support thereof, states as follows:

## <u>INTRODUCTION</u>

This litigation involves a flooring product generally known as gypsum underlayment that is found in multi-family housing. In 2020, USG agreed to manufacture under private label for

Dependable, LLC ("Dependable") a gypsum underlayment product that Dependable markets as GSL K2.6. Despite selling the GSL K2.6 manufactured by USG, Dependable refuses to pay USG for the product. USG filed this litigation for breach of contract and related causes of action in the Northern District of Illinois. (*See* Complaint, attached as Exhibit 1). The matter is currently pending before District Court Judge Jeffrey Cummings and Magistrate Judge M. David Weisman, for purposes of discovery. In response to the Complaint, Dependable contends that there were issues with the material USG provided Dependable, its customers complained, and because of these issues, it is justified in not paying USG.

Discovery in this matter suggests that whatever concerns Dependable did or did not have about the product USG manufactured, Dependable sold nearly all the product anyway for profit. As such, on July 22, 2024, USG issued third-party subpoenas to customers who purchased USG manufactured GSL K2.6 from Dependable to flush out the veracity of Dependable's contentions.

AFS' Subpoena compliance deadline was August 22, 2024. Dependable did not file objections, but AFS filed objections to the Subpoena on July 31, 2024. *See* the Declaration of Joshua R. Hubbs, attached as Exhibit 2. Since receiving AFS' objections, USG has diligently attempted to confer with AFS' counsel to obtain AFS' compliance with the third-party Subpoena without resort to court intervention, but AFS has been unresponsive and non-compliant. Exhibit 2. USG now moves to compel AFS' compliance with its obligations under Rule 45.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 45(a) allows parties to a lawsuit to subpoena records from third parties. Fed. R. Civ. P. 45(a). Further, a subpoena to produce materials, permit inspection of materials, or submit to a deposition "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). However, if the subpoena's recipient does not comply to the serving party's

satisfaction, the "serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The District Court for the Eastern District of Pennsylvania has the authority to enforce the Subpoena. Further, USG has attempted to obtain AFS' compliance with the Subpoena but has been unsuccessful. Exhibit 2.

## RELEVANT FACTUAL HISTORY

On July 22, 2024, USG issued a document subpoena to AFS. Exhibit A, of Ex. 2. The Subpoena seeks information related to AFS' communications and other documents generated from its relationship with Dependable, LLC, in connection to GSL K2.6 manufactured by USG. *Id*. The Subpoena commanded the production of documents by August 22, 2024, at the office of USG's counsel Swanson, Martin & Bell, located in Chicago, IL. *Id*. On July 24, 2024, the Subpoena was successfully served via FedEx and signed for by "M.Riley." Exhibit B, of Ex. 2. Therefore, there is valid service of the Subpoena. *Hall v. Sullivan*, 229 F.R.D. 501 (D. Md. 2005). On July 31, 2024, AFS, through counsel, provided objections to the Subpoena. Exhibit C, of Ex. 2. USG told AFS' counsel that USG would reach out after reviewing the objections. Exhibit D, of Ex. 2. On August 15, 2024, USG emailed AFS' counsel, requesting an update on the status of document production and reminding AFS of the compliance deadline of August 22, 2024. *Id*.

Having not heard from AFS, USG called AFS' counsel on August 27 & 30; September 11 & 23; and October 22, 2024, but received no response other than being told by AFS' counsel's law firm that the "handling attorney was unavailable." Exhibit 2. On more than one occasion, USG left a message for the handling attorney. *Id*. On October 22, 2024, USG left a message with the receptionist at AFS' counsel's law firm, stating that USG plans on filing a Motion to Compel against AFS to seek compliance with the Subpoena, but would prefer to discuss a resolution with

the handling attorney before filing the Motion to Compel. *Id*. To date, over 3 months after service of the Subpoena, AFS has not complied with USG's Subpoena, and has been unresponsive in USG's attempts to resolve any perceived issues.

## ARGUMENT

USG is entitled to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). When considering the propriety of enforcing a subpoena, a trial court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Nallapaty v. Nallapati*, 5:20-CV-470-BO, 2021 WL 3686240 (E.D.N.C. Aug. 19, 2021). As discussed above, and further evidenced by the Subpoena and Rider, USG is narrowly seeking information related to AFS' relationship with Dependable, LLC, in connection with GSL K2.6 manufactured by USG, to rebut Dependable's contention that USG's GSL K2.6 was defective and therefore justified Dependable in not paying USG for the same. *See* Dependable's Counterclaim, attached as Exhibit 3. This information is directly relevant to the parties' claims and defenses. *See, 611 Carpenter LLC v. Atl. Cas. Ins. Co.*, 1:23-CV-823-DII, 2024 WL 1977160 (W.D. Tex. Apr. 30, 2024) (granting motion to compel third-party subpoenas because the documents sought were relevant and proportional to the needs of the case).

After being served with a subpoena, a nonparty may object to producing any or all of the requested information by serving a written objection on the party or person designated in the subpoena. Fed. R. Civ. P. 45. *See also, In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234 (E.D. Pa. 2014). An objection must be served to the subpoenaing party within fourteen (14) days after the subpoena is served. *Id.* After providing notice to the subpoenaed nonparty, the

subpoenaing party may move the court to compel compliance with the subpoena. *Id*. 45(d)(2)(B)(i). Here, AFS timely provided their objections to the Subpoena, stating that:

> (a) the Subpoena improperly directs AFS, a non-party, to produce documents beyond the geographic range authorized by Rule 45(c) of the Federal Rules of Civil Procedure;
> (b) the Subpoena commands places an under burden on AFS; and
> (c) the Subpoena was not properly served pursuant to Rule 45(b).

*See* Exhibit C, of Ex. 2.

In response to AFS' objections to the Subpoena, Fed. R. Civ. P. 45(d)(2)(A) states that a person commanded to produce documents, electronically stored information, or tangible things…need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial. This means that "the 100-mile limit in Rule 45(c)(2)(A) does not apply where documents can be mailed and do not require a personal appearance." *United States v. Brown*, 223 F.Supp.3d 697, 703 (N.D. Ohio 2016) (holding that subpoena requesting party residing in Ohio to produce documents to address in Illinois did not violate the subpoena rule's 100-mile limit, since documents could be mailed and did not require personal appearance). *See also*, *Pictsweet Co. v. R.D. Offutt Co.*, 3:19-CV-0722, 2020 WL 12968432 (M.D. Tenn. Apr. 23, 2020) (stating that plaintiff correctly asserted that the 100-mile geographical limitation does not apply when a subpoena demands only documents that can be produced electronically or by mail). Additionally, USG has retained local counsel to not only to file this Motion, but also stand as the place of production. Local counsel is located within 100-miles of AFS. Given that AFS has not contended they are unable to produce responsive documents via mail or email, and local counsel has been retained to accept production within 100-miles of AFS, their objection is insufficient.

AFS further objected, stating that USG's Subpoena commands an undue burden on AFS. Fed. R. Civ. P. 45(d) requires the issuer of a subpoena on a third-party to take reasonable steps to

avoid imposing undue burden or expense on a person subject to the subpoena. In support of their claim, AFS states that:

> "Any documents in AFS' possession relating to its purchase of GSL K2.6 are all hard copy documents stored in boxes. Only the owner and the accounting manager at AFS – who run the day-to-day operations of AFS – are available to search through the boxes for responsive documents and then scan the documents for production. AFS estimates this could take two months if they spent an hour a day dedicated to scanning such documents." Exhibit C, of Ex. 2.

If the subpoenaed nonparty demonstrates a "clearly defined and serious injury" for a claim of undue burden under Rule 45, the court will conduct a balancing test. *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234 (E.D. Pa. 2014). Here, the weight of the balancing test is in USG's favor because AFS has been unresponsive to USG's attempts to address AFS' perceived burden and discuss a potential resolution.

AFS' final objection states the Subpoena was improperly served. Exhibit C, of Ex. 2. AFS states that the longstanding interpretation of Rule 45(b) has been that personal service of subpoenas is required, and that sending the Subpoena to AFS via Federal Express did not constitute proper service. However, nothing in the language of Rule 45 suggests in-hand personal service is required to effectuate "delivery," or that service by certified mail is forbidden. Fed. R. Civ. P. 45. In fact, the plain language of the rule requires only that the subpoena be delivered to the person served by a qualified person. Delivery connotes simply "the act by which the *res* or substance thereof is placed within the actual ... possession or control of another." *Hall v. Sullivan*, 229 F.R.D. 501 (D. Md. 2005). In fact, many courts have adopted this view. *See Doe v. Hersemann*, 155 F.R.D. 630 (N.D. Ind. 1994) (holding that service of a subpoena via certified mail is sufficient under Rule 45, particularly when Defendant doe not deny actual receipt). *See also, W. Res., Inc. v. Union Pac. R. Co.*, 00-2043-CM, 2002 WL 1822432 (D. Kan. July 23, 2002) (holding that delivery of subpoena via Federal Express was sufficient because effective service under Rule 45 is not limited to

personal service). Courts are increasingly embracing this approach. *See*, *Hall v. Sullivan*. The objective of Rule 45 is to ensure fair notice to the subpoenaed entity and give opportunity to challenge the subpoena. There is no dispute that AFS had the opportunity to protect its interests in connection to the Subpoena, and applying the rule advocated for by AFS in their objections would only serve to torture the rules, drive up the expense of litigation, and prejudice USG given the relevance of the requested information. On the other hand, AFS has not been prejudiced in any way, shape, or form, by USG serving the Subpoena via Federal Express. As such, the Court should find their objection insufficient.

In short, AFS was served with a valid subpoena that seeks information that is relevant and proportional to the needs to the case. AFS has not complied with the Subpoena and have not responded to USG's attempts to resolve any perceived undue burden on AFS. Accordingly, USG's Motion to Compel should be granted.

## CONCLUSION

WHEREFORE, USG respectfully requests this Court to order AFS to comply with USG's Subpoena within fourteen (14) days, and any other relief this Honorable Court deems appropriate.

Respectfully Submitted,

**WHITE AND WILLIAMS LLP**

By: /s/ Siobhan K. Cole
Siobhan K. Cole
1650 Market Street, Suite 1800
Philadelphia, PA 19103
(215) 864-6891
coles@whiteandwilliams.com

Attorneys for Plaintiff and Counter-Defendant United States Gypsum Company

Of Counsel:

**SWANSON, MARTIN & BELL, LLP**
P. Stephen Fardy
Arthur J. Reliford, Jr.
William D. Patterson
Joshua Hubbs
330 North Wabash, Suite 3300
Chicago, Illinois 60611
312- 321-9100
sfardy@smbtrials.com
areliford@smbtrials.com
wpatterson@smbtrials.com
jhubbs@smbtrials.com

Attorneys for Plaintiff and Counter-Defendant United States Gypsum

Date: November 15, 2024