**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO AMERICAN FLOOR SYSTEMS, INC. | ) | No. 2:24-mc-00070 |
| UNDERLYING CASES: | ) | |
| UNITED STATES GYPSUM COMPANY, a Delaware corporation, Plaintiff, vs. DEPENDABLE, LLC, an Ohio limited liability company, Defendant. | ) | No. 1:22-cv-00268<br>United States District Court for the Northern District of Illinois<br>Honorable Jeffrey Cummings<br>Magistrate Judge M. David Weisman |
| DEPENDABLE, LLC, Counter-Plaintiff, vs. UNITED STATES GYPSUM COMPANY, Counter-Defendant. | ) | |

**UNITED STATES GYPSUM COMPANY'S RULE 45(f) MOTION TO TRANSFER ITS MOTION TO COMPEL AND AMERICAN FLOOR SYSTEM'S MOTION TO QUASH TO THE NORTHERN DISTRICT OF ILLINOIS**

Pursuant to Federal Rule of Civil Procedure 45(f), Plaintiff, United States Gypsum Company ("USG"), by and through its undersigned counsel, respectfully moves to transfer its Motion to Compel Enforcement of USG's Document Subpoena Against American Floor Systems, Inc. ("AFS") ("Motion to Compel"), and AFS's Consolidated Motion to Dismiss the Motion to Compel and to Quash or for a Protective Order Regarding USG's Subpoena ("Motion to Quash") to the United States District Court for the Northern District of Illinois. As provided herein, transfer is warranted because both USG and AFS have consented to transfer.

## BACKGROUND

The Underlying Action involves a flooring product generally known as gypsum underlayment that is found in multi-family housing. In 2020, USG agreed to manufacture under private label for Defendant, Dependable, LLC ("Dependable") a gypsum underlayment product that Dependable marketed as GSL K2.6. Despite selling the GSL K2.6 manufactured by USG, Dependable refused to pay USG for the product. Litigation to recover these unpaid amounts ensued in the Northern District of Illinois and is currently pending before Judge Jeffrey Cummings and Magistrate Judge M. David Weisman, for purposes of discovery. *See* Complaint, attached as Exhibit 1. In response to the Complaint, Dependable contends that there were issues with the material USG provided Dependable, that its customers complained, and that, because of these issues, it is justified in not paying USG.

Discovery in this matter suggests, however, that whatever concerns Dependable did or did not have about the product USG manufactured, Dependable sold nearly all of the product to its customers for profit. Accordingly, on July 22, 2024, USG issued a third-party subpoena to AFS, one of Dependable's customers who purchased the product, to flush out the veracity of Dependable's contentions. *See* Third-Party Subpoena to AFS, attached as Exhibit 2. USG filed a Motion to Compel against AFS on November 15, 2024, because AFS failed to respond to the Subpoena. *See* Motion to Compel, attached as Exhibit 3. On December 11, 2024, USG modified the Subpoena, providing for a place of compliance within 100 miles of AFS. USG had previously communicated to AFS that USG was providing a place for production within 100-miles of AFS. Exhibit 3, at 5. In response to the modified Subpoena, on December 23, 2024, AFS filed a Motion to Quash USG's Subpoena (and memorandum in support) and requested that the Court transfer its motion to the Northern District of Illinois. *See* AFS's Motion to Quash & Memorandum in Support, attached as Exhibit 4.

## LEGAL STANDARD

Under Rule 45(f), this Court may transfer the Motion to Compel to the U.S. District Court for the Northern District of Illinois if AFS consents or if exceptional circumstances are found. Fed. R. Civ. P. 45(f). Although "exceptional circumstances" are not defined under Rule 45, the Advisory Committee Note states:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas . . . . [T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) Advisory Committee's Note (2013 Amendments). Thus, this Court can rely upon impending discovery deadlines and case-specific issues before the court in the Northern District of Illinois to transfer the motion. *See Fed. Home Loan Mortgage Corp. v. Deloitte & Touche LLP*, 309 F.R.D. 41 (D.D.C. 2015).

## ARGUMENT

### I. Transfer is Warranted Because AFS Consented to Transfer

In AFS's Motion to Quash, AFS moved the Court to transfer its Motion to Quash to the Northern District of Illinois. Exhibit 4, at 2. Simply put, under Rule 45(f), the Court should transfer this matter because AFS has consented to the transfer by requesting the same from the Court.

## II. Resolution of the Motion to Compel Turns on Substantive Issues in the Underlying Action

Courts have found exceptional circumstances warranting transfer when "transferring the matter is 'in the interests of judicial economy and avoiding inconsistent results.'" *Hyundai Motor Co. v. Hyundai Tech. Grp., Inc.*, No. 24-MC-81111-SINGHAL/MAYNARD, 2024 U.S. Dist. LEXIS 202639, at *5 (S.D. Fla. Sep. 18, 2024) (quoting *Wultz v. Bank of China, Ltd*, 304 F.R.D. 38, 46 (D.D.C. 2014). Courts may also consider other factors to help determine whether the subpoena-related motion should be transferred to the issuing court, such as "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014). In this instance, the issuing court will be in a better position to rule on a subpoena-related motion because the court's "familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Wultz*, 304 F.R.D. at 46.

The Underlying Action contains claims for breach of contract, unjust enrichment, product defect, fraud, reputational damage, confidential and proprietary formulas surrounding the product, and spoliation. Although AFS is not a named party in the Underlying Action, information in its possession is critical to the issues of the Underlying Action.

Dependable allegedly provided certain financial incentives to AFS based on these defects in the product. Thus, AFS's invoicing and other related purchase information is critical to resolution of the Underlying Action. *See Wultz*, 304 F.R.D. at 46 (finding the transfer of a subpoena-related motion especially appropriate when the underlying litigation is intricate and highly complex). In those instances involving highly complex and intricate litigation, the presiding judge of the underlying litigation is in a better position to rule on the motion due to their familiarity

with the full scope of issues and any implications the resolution of the motion will have on the underlying litigation. *See id*. Here, the Underlying Action has been pending for nearly three years and has involved numerous discovery disputes to date.[1] The Northern District of Illinois's familiarity with the core issues of the Underlying Action and discovery progress is necessary for resolving the Motion to Compel.

As stated earlier, transfer may be warranted to avoid disrupting the issuing court's management of the underlying litigation, such as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Fed. R. Civ. P. 45(f) Advisory Committee's Note. Transfer is also warranted when "transferring the matter is in the interests of judicial economy and avoiding inconsistent results." *Hyundai Motor Co.*, 2024 U.S. Dist. LEXIS 202639, at *5 (quoting *Wultz*, 304 F.R.D. at 46).

In *Hyundai Motor Company*, the court held that transfer from the Southern District of Florida to the Central District of California was warranted because, in the underlying litigation, the matter had been docketed for eighteen months and had 136 docket entries, with many of those entries documenting recent appearances before the Magistrate Judge who had been actively resolving discovery-related issues and motions. *See id.* at *6. Here, the Underlying Action has been docketed for almost three years and has over 200 docket entries. *See* Underlying Action Docket, attached at Exhibit 5. Given the longstanding history of this case and the parties' discovery disputes, Magistrate Judge M. David Weisman was designated to monitor discovery of the Underlying Action and has been actively involved in resolving discovery-related issues that include ruling on multiple Motions to Quash and Motions to Compel, adjusting discovery deadlines, and monitoring the parties' discovery progress. Exhibit 5, at Dkt. #108. Accordingly, Magistrate Judge M. David

[1] *See* Underlying Action Docket, attached as Exhibit 5, and Dkt. # 84, 86, 93, 95, & 138 for Joint Status Reports.

Weisman is best suited to appreciate and weigh the context of the Underlying Action and case-management implications of the Motion to Compel. *See Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 9 (D.D.C. 1996) (holding that a factor favoring transfer was that "this court has neither dealt with other issues in the suit nor has familiarized itself with the underlying merits of the case"); *Robertson v. Cartinhour*, 2011 U.S. Dist. LEXIS 126030, at *12 (S.D.N.Y. Oct. 28, 2011) (transferring to D.C. Court because the D.C. Court was uniquely familiar with the facts and legal theories of the underlying litigation). Magistrate Judge M. David Weisman has also addressed prior discovery issues related to non-parties. Exhibit 5, at Dkt. #119.

Transfer would also avoid inconsistent results related to discovery. Magistrate Judge M. David Weisman has ruled on multiple document subpoena-related issues in the Underlying Action, and again, is familiar with the core substantive issues of the Underlying Action. *Id.* For example, in assessing the scope and relevance of third-party subpoena requests in the context of the Underlying Action as a whole, Judge Weisman granted motions to quash, resulting in nine third-party subpoenas being quashed. *Id.* USG has filed multiple Motions to Compel in varying jurisdictions, which are related to Dependable's claims of defect and whether their contentions are supported. Having five different judges who are not familiar with the Underlying Action potentially all ruling differently would not promote judicial economy. Transfer will avert inconsistent rulings and clearly promote judicial economy.

As demonstrated above, the Underlying Action has been ongoing for nearly three years with numerous discovery disputes addressed and resolved before the Northern District of Illinois. The resolution of USG's Motion to Compel implicates substantive issues in the Underlying Action, and judicial economy is best served with an understanding and familiarity of the core issues and

context of discovery thus far. Transferring the Motion to Compel would ensure efficient and orderly progress of the Underlying Action.

## CONCLUSION

USG and AFS have consented to transfer this matter to the Northern District of Illinois. Magistrate Judge M. David Weisman is best suited to appreciate and weigh the context of the Underlying Action and case-management implications of USG's Motion to Compel and AFS's Motion to Quash. The Motion to Compel is relevant to core substantive issues in the Underlying Action, and transfer would avoid inconsistent results related to discovery. Accordingly, transfer is warranted and USG's Motion to Transfer should be granted.

WHEREFORE, USG respectfully requests this Court stay any responses or rulings as to the Motion to Compel and Motion to Quash, and to enter an order directing the Clerk of this Court to transfer this action to the United States District Court for the Northern District of Illinois pursuant to Fed. R. Civ. P. 45(f).

Respectfully Submitted,

**WHITE AND WILLIAMS LLP**

By: /s/ Siobhan K. Cole
Siobhan K. Cole
1650 Market Street, Suite 1800
Philadelphia, PA 19103
(215) 864-6891
coles@whiteandwilliams.com

Attorneys for Plaintiff and Counter-Defendant United States Gypsum Company

Of Counsel:

**SWANSON, MARTIN & BELL, LLP**

By: /s/ Joshua R. Hubbs

P. Stephen Fardy
Arthur J. Reliford, Jr.
William D. Patterson
Joshua Hubbs
330 North Wabash, Suite 3300
Chicago, Illinois 60611
312- 321-9100
sfardy@smbtrials.com
areliford@smbtrials.com
wpatterson@smbtrials.com
jhubbs@smbtrials.com

One of the Attorneys for Plaintiff and Counter-Defendant United States Gypsum

Dated: January 7, 2025

## CERTIFICATE OF SERVICE

I, SIOBHAN K. COLE, ESQUIRE, hereby certify that on the date indicated below I caused a true and correct copy of the foregoing United States Gypsum Company's Rule 45(f) Motion to Transfer Its Motion to Compel Enforcement of Its Document Subpoena to American Floor Systems, Inc. to be served via the court's CM/ECF electronic notification (email) system and via separate, direct email upon the following:

Jeffrey C. Venzie, Esquire
Venzie Construction Law, LLC
600 Eagleview Blvd., Suite 300
Exton, PA 19341
jeff@venzielaw.com

WHITE AND WILLIAMS LLP

By: /s/ Siobhan K. Cole

Siobhan K. Cole, Esquire
Attorney I.D. No. 209234
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Phone: 215.864.6891
coles@whiteandwilliams.com

Date: January 7, 2025